*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALEJANDRO BENITO TORREZ,

Defendant-Appellant.

UNPUBLISHED
June 18, 2019

No. 342249
Kent Circuit Court
LC No. 17-004680-FC

Before: K. F. KELLY, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Defendant, Alejandro Benito Torrez, appeals as of right his convictions by a jury of two counts of second-degree murder in violation of MCL 750.317. The trial court imposed concurrent sentences of 28 to 60 years' imprisonment for each count of second-degree murder. Defendant contends that the prosecution presented insufficient evidence for a jury to find that he acted with malice. We disagree and affirm.

## I. BACKGROUND

On March 11, 2017, defendant, then 16 years old and having a suspended license, drove a Chrysler 300 south on US 131 with his 15-year-old cousin, David Torrez, in the passenger seat at 90 miles per hour in a 70-mile-per-hour zone. A Michigan state trooper working stationary radar from the southbound ramp at 44th Street registered defendant's excessive vehicle speed and initiated a traffic stop by turning on his lights and attempting to pull over defendant. Defendant failed to comply, exited the highway at 54th Street, drove east at a high rate of speed, and exceeded 100 miles per hour while fleeing the trooper. The chase ended when defendant ran through a red light at an intersection and collided with Tara Oskam's vehicle. The collision caused the deaths of both Torrez and Oskam.

## II. STANDARD OF REVIEW

We review de novo a defendant's claim that his conviction rests on insufficient evidence. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). In determining the

sufficiency of the evidence, we review whether a rational trier of fact could find that the evidence proved beyond a reasonable doubt the elements of the charged offense. *Id*. at 175. We review the evidence in the light most favorable to the prosecution. *Id*. "Circumstantial evidence and reasonable inferences arising from the evidence can constitute satisfactory proof of the elements of the crime." *Id*. (citation and alteration omitted). All conflicts in the evidence must be resolved in favor of the prosecution, and the Court shall not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). "Intent may be inferred from all the facts and circumstances" and "only minimal circumstantial evidence from which intent may be inferred need be presented." *People v Cameron*, 291 Mich App 599, 615; 806 NW2d 371 (2011) (citations omitted).

## III. ANALYSIS

To convict a defendant of second-degree murder, MCL 750.317, the prosecution must prove each of the following elements: "(1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death." *People v Bergman*, 312 Mich App 471, 487; 879 NW2d 278 (2015) (quotation marks and citation omitted). "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id*. (quotation marks and citation omitted). To prove second-degree murder, "the prosecution is not required to prove that the defendant actually intended to harm or kill. Instead, the prosecution must prove the intent to do an act that is in obvious disregard of life-endangering consequences." *Id*. (quotation marks and citation omitted).

In this case, the evidence established that both victims' deaths were caused by the collision. The evidence also established that defendant caused the collision by driving at an excessive speed into an intersection. The evidence also proved that defendant lacked lawful justification or excuse for causing the two deaths. Sufficient evidence, therefore, proved the first, second, and fourth elements of second-degree murder for both counts.

Defendant claims that the evidence failed to establish the third element of acting with malice. De novo review of the evidence, however, establishes that the prosecution presented sufficient evidence to allow a rational jury to conclude that defendant had the requisite intent to commit the charged offenses. The record reflects that the prosecution presented evidence that defendant drove without a driver's license far in excess of the posted speed limits. A Michigan State Police traffic crash reconstructionist analyzed the black box in defendant's car and testified at trial that defendant drove over 100 miles per hour. Further, the evidence established that defendant did not apply his brakes and even if he had his vehicle would not have been able to stop. Testimony from toxicologists demonstrated that defendant had THC, Valium, and alcohol in his system during the high-speed chase. The trooper driving behind defendant testified that defendant failed to slow down at intersections, drove through red lights at high speeds, and disregarded the safety of other drivers and oncoming traffic. The record further reflects that defendant drove 107 miles per hour when he ran the final red light, collided with Oskam's vehicle, and killed both Oskam and Torrez.

The evidence presented by the prosecution sufficed to establish defendant's intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of his behavior would cause death or great bodily harm. Accordingly, a rational trier of fact could find that the evidence proved beyond a reasonable doubt that defendant acted with malice. Therefore, the evidence proved beyond a reasonable doubt that defendant committed second-degree murder.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ James Robert Redford